XAVIER BACERRA
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General
JAMES R. POTTER, State Bar No. 166992
BRIAN J. BILFORD, State Bar No. 262812
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2637
  Fax:  (213) 897-2802
  E-mail:  james.potter@doj.ca.gov

*Attorneys for Plaintiff*
*State of California Department of Toxic Substances*
*Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,** | Case No. |
| **Plaintiff,** | **COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF UNDER CERCLA** |
| **V.** | **(42 U.S.C. §§ 9607(a) and 9613(g)(2))** |
| **ALPHA THERAPEUTIC CORPORATION; AOC, LLC; CAMBRO MANUFACTURING COMPANY; CATALINA YACHTS, INC.; GLASTEEL OF TENNESSEE INC.; GRUBER SYSTEMS, INC.; HARRINGTON INDUSTRIAL PLASTICS, LLC; HYDRO SYSTEMS, INC.; JBI LLC; PARK INTERNATIONAL CORPORATION; RESINART CORPORATION; SEMTECH CORPORATION; SILVESTRI STUDIO, INC.; TE CONNECTIVITY CORPORATION; THREE BOND INTERNATIONAL, INC.; UNITRODE CORPORATION; and WATKINS MANUFACTURING CORPORATION** | **Related Case: 2:15-cv-07786** |
| **Defendants.** | |

1

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

Plaintiff, the State of California Department of Toxic Substances Control ("Department"), alleges as follows:

1.      This is a civil action by the Department against the named Defendants for recovery of unreimbursed response costs and declaratory relief pursuant to sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. 99-499, 100 Stat. 1613 (1986).

2.      The Department has incurred response costs and expects to continue to incur response costs in connection with actions taken in response to releases and/or threatened releases of hazardous substances at, beneath, and/or from the property located at 1550 North Bonnie Beach Place, Los Angeles, California, identified by Los Angeles County Assessor's Parcel Number 5224-026-005 ("Site").  For the purposes of this Complaint, the Site includes the vertical and areal extent of the hazardous substance contamination that is or has been present at, beneath, and/or from the Site.

## STATEMENT OF THE CASE

3.      The Department brings a claim under CERCLA section 107(a), 42 U.S.C. § 9607(a), to recover costs that it incurred in responding to a release and/or threatened release of hazardous substances at, beneath, and/or from the Site and for declaratory relief pursuant to 28 U.S.C. § 2201 and CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), that Defendants are jointly and severally liable for all future response costs incurred by the Department in responding to releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of, and the parties to, this action pursuant to section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

U.S.C. § 1331.

5.     Venue is proper in this judicial district pursuant to section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §1391(b), because the claims asserted herein arose and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

## PLAINTIFF

6.     The Department is a public agency of the State of California organized and existing under and pursuant to sections 58000-58018 of the California Health and Safety Code.  The Department is the state agency responsible under state law for determining whether there has been a release and/or threatened release of a hazardous substance into the environment, and for determining the actions to be taken in response thereto.

## DEFENDANTS

7.     Defendant Alpha Therapeutic Corporation is a California Corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

8.     Defendant AOC, LLC is a Delaware limited liability corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

9.     Defendant Cambro Manufacturing Company is a California corporation which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

10.     Defendant Catalina Yachts, Inc. is a California corporation, which

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

11.     Defendant Glasteel of Tennessee Inc. is a Tennessee corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

12.     Defendant Gruber Systems, Inc. is a California corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

13.     Defendant Harrington Industrial Plastics LLC, a Delaware LLC (f/k/a Harrington Industrial Plastics Inc., a California Corporation) is a Delaware limited liability corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

14.     Defendant Hydro Systems, Inc. is a California corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

15.     Defendant JBI LLC, is a California Limited Liability corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

16.     Defendant Park International Corporation is a California corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107

Complaint for Recovery of Response Costs and Declaratory Relief Under CERCLA

of CERCLA, 42 U.S.C. §§ 9601, 9607.

17.    Defendant Resinart Corporation is a California corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

18.    Defendant Semtech Corporation is a Delaware corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

19.    Defendant Silvestri Studio, Inc. is a California corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

20.    Defendant TE Connectivity Corporation is a Pennsylvania corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

21.    Defendant Three Bond International, Inc. is an Ohio corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

22.    Defendant Unitrode Corporation is a Maryland corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

23.    Defendant Watkins Mfg. Corporation is a California corporation, which arranged for the treatment and/or disposal of hazardous substances at the Site

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

and is an "arranger" of a "facility", as those terms are used in sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

24.    The true names or capacities of defendants Does 1 through 10 inclusive are unknown to the Department, who therefore sues such defendants by such fictitious names.  The Department will amend this complaint to show their true names and capacities when ascertained.

## SUMMARY OF FACTS

25.    **Site Background.**  The Site occupies approximately one-third of an acre in the City of Los Angeles, and is located in an area with light industrial land use and some residential use.

26.    From approximately 1953 to 2009, the Mr. Ernest Davis, his trust or the related Davis Family Trust owned the Site.

27.    From approximately 1949 to 1990, Davis Chemical Company (Davis) operated a business on the Site, recycling spent solvents, primarily acetone.  Davis also treated and/or stored hazardous waste at the Site without a permit or other authorization from the Department or the United States Environmental Protection Agency ("EPA").

28.    Davis' business operations at the Site ceased in approximately 1990.

29.    Betterbilt Chemicals Inc. ("Betterbilt") operated at the Site under a lease with an option to buy from August 1, 1990 until October 23, 1990. Betterbilt's operations at the Site included fuel-blending and recovering acetone from waste resins.  Betterbilt also operated as a hazardous waste transporter of acetone during this time.

30.    The Department is informed, and believes, and thereon alleges that Westside Delivery, Inc. acquired the Property at a tax deed sale, and that the sale was recorded on October 13, 2009.

31.    **Site Investigation and Remediation Background.**  On or about

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

October 23, 1990, DTSC (then known as the Department of Health Services, Toxic Substances Control Program) issued a Directive to Comply requiring Betterbilt to immediately cease unauthorized hazardous waste treatment and storage operations at the Site.  In response to that order, Betterbilt ceased hazardous waste operations at the Site.

32.     In 1992, EPA conducted a preliminary assessment of the Site and noted "significant spillage" of waste solvents and resin from drums used to store and ship reclaimed acetone.  EPA subsequently referred the Site to the Department to address the releases of hazardous waste.

33.     An investigation of the Site in 1996, including soil sampling, demonstrated that there were high levels of the following compounds at the Site: 1,1,2-trichloroethane (TCA), tetrachloroethene (PCE), and 1,1,2,2-tetrachloroethane.  In 2003, the Department's additional testing revealed elevated concentrations of PCE, trichloroethene (TCE) and acetone, and other volatile organic chemicals.

34.      In 2002, the Department and nineteen responsible parties entered into an Imminent and Substantial Endangerment Determination and Consent Order (the "Consent Order"), which required the responsible parties to perform additional investigation at the Site and prepare a Remedial Action Plan ("RAP").

35.     Certain responsible parties prepared and the Department approved the RAP in May of 2008.  The RAP called for remediation of the soil contamination at the Site through soil excavation and soil vapor extraction.

36.     On October 19, 2009, the Department issued an Imminent and Substantial Endangerment Determination and Remedial Action Order (the "RAO") requiring certain responsible parties to implement the RAP, including excavation and treatment of contaminated soils, and installation of the soil vapor extraction system.

Complaint for Recovery of Response Costs and Declaratory Relief Under CERCLA

37.    The responsible parties failed to comply with the RAO.  In November, 2009, the Department issued a Final Determination of Noncompliance with the RAO.

38.    In February of 2010, the Department issued correspondence to Westside Delivery, LLC  informing it of the Department's intent to begin clean-up actions within 30 days.

39.    The Department began implementing the RAP in or around May 2010, which involved the removal of 500 tons of contaminated soil. Since that time, the Department has also conducted further testing and soil vapor extraction in an attempt to remedy the hazardous substances released at the Site.

40.    The Site remains contaminated with hazardous substances, and it remains the source of threatened releases of hazardous substances into the environment.

41.    The Department has incurred costs for "response" actions as defined in section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in taking actions related to the release and/or threatened release of hazardous substances at, around, and/or beneath the Site.  The Department's response actions include, but are not limited to, the following activities: investigation; removal/remediation actions; enforcement/cost recovery; oversight; public participation; and compliance with the California Environmental Quality Act.

42.    As of December 31, 2016, the Department's unreimbursed response costs related to the Site exceed $2,100,000.

43.    The Department expects to continue to incur response costs conducting and/or overseeing response actions related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site in the future.

44.    The Department filed an earlier cost recovery action concerning the Site *California Department of Toxic Substances Control v. Westside Delivery, LLC,*

8

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

case number  2:15-cv-07786−SVW (C.D. Cal.) against the current owner of the Site, Westside Delivery, LLC.  On September 12, 2016, the court granted Defendant Westside Delivery LLC's motion for summary judgment.  The Department has filed an appeal to the Ninth Circuit Court of Appeals, case number 16-56558.

## FIRST CLAIM FOR RELIEF

(Claim for Recovery of Response Costs Pursuant to
Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

45.    Paragraphs 1 through 44 are incorporated herein by reference as if fully set forth below.

46.    The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

47.    Each defendant arranged for treatment of hazardous substances at the Site under section 107(a)(3) of CERCLA, 42 U.S.C. section 9607(a)(3).

48.    Acetone, perchloroethene, trichloroethane and other substances released at the Site are "hazardous substances" as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

49.    There has been a "release" and/or "threatened release" of hazardous substances from the Site into the environment, within the meaning of sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22).

50.    The Department has incurred response costs at the Site within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

51.    The Department is a "State" for the purposes of cost recovery under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  The Department's response costs have been incurred in a manner that is not inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

52.    Defendants are jointly and severally liable to the Department without

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

regard to fault or negligence under CERCLA § 107(a), 42 U.S.C. § 9607(a), for all costs of response incurred or to be incurred by the Department caused by or resulting from the release and/or threatened release of hazardous substances at or from the Site.

## SECOND CLAIM FOR RELIEF
(Claim for Declaratory Relief under
section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))

53.    Paragraphs 1 through 44 are incorporated herein by reference as if fully set forth below.

54.    Pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201, the Department is entitled to a declaratory judgment that each defendant is jointly and severally liable in any subsequent action or actions by the Department to recover any further costs or damages incurred in response to the release of hazardous substances at, beneath, and/or from the Site.

## PRAYER FOR RELIEF

WHEREFORE, the Department requests that the Court enter a judgment against each Defendant as follows:

1.    For a judgment that each Defendant is liable to the Department without regard to fault under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all unreimbursed response costs incurred by the Department as a result of the releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site;

2.    For pre-judgment interest on the above sums, including but not limited to, as provided by Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

3.    For a declaratory judgment pursuant to section 113(g) of CERCLA, 42 U.S.C. § 9613(g) and 28 U.S.C. § 2201, that each Defendant is liable to the Department without regard to fault for all future costs incurred in response to the release and/or threatened release of hazardous substances at, beneath, and/or from

Complaint for Recovery of Response Costs
and Declaratory Relief Under CERCLA

the Site;

4.    For attorneys' fees and the costs of this suit to the extent permitted by law; and

5.    For such additional, other, and further relief as the Court deems just and proper.


Dated:  January 30, 2017                              Respectfully submitted,
                                                     XAVIER BACERRA
                                                     Attorney General of California
                                                     SARAH E. MORRISON
                                                     Supervising Deputy Attorney General

                                                       /s/ James R.Potter              __

                                                     JAMES R. POTTER
                                                     BRIAN J. BILFORD

                                                     Deputy Attorneys General

                                                     *Attorneys for Plaintiff State of California Department of Toxic Substances Control*

LA2015500486
Arrangers_Complaint_01_30_2017.doc

11     Complaint for Recovery of Response Costs and Declaratory Relief Under CERCLA