Joshua R. Furman, Bar No. 225461
jrf@furmanlawyers.com
JOSHUA R. FURMAN LAW CORPORATION
14724 Ventura Boulevard, Suite 509
Sherman Oaks, California 91403
Telephone:   (818) 646-4300
Facsimile:   (818) 646-4301

*Attorney for Intervenor,*
WESTSIDE DELIVERY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, | **CASE NO.  2:17-cv-00785-R-RAO** |
| Plaintiffs, | **COMPLAINT IN INTERVENTION FOR:** |
| v. | **1.  DECLARATORY RELIEF** |
| ALPHA THERAPEUTIC CORPORATION; AOC, LLC; CAMBRO MANUFACTURING COMPANY; CATALINA YACHTS, INC.; GLASTEEL OF TENNESSEE INC.; GRUBER SYSTEMS, INC.; HARRINGTON INDUSTRIAL PLASTICS, LLC; HYDRO SYSTEMS, INC.; JBI LLC; PARK INTERNATIONAL CORPORATION; RESINART CORPORATION; SEMTECH CORPORATION; SILVESTRI STUDIO, INC.; TE CONNECTIVITY CORPORATION; THREE BOND INTERNATIONAL, INC.; UNITRODE CORPORATION; and WATKINS MANUFACTURING CORPORATION, | **2.  STATUTORY CONTRIBUTION** **3.  EQUITABLE CONTRIBUTION** |
| Defendants. | |

Complaint in Intervention

Westside Delivery, LLC ("Westside") alleges as follows:

## PARTIES

1. Intervenor Westside Delivery, LLC is a California limited liability company with a primary place of business within this District.

2. Intervenor adopts and incorporates herein on information and belief the allegations in Plaintiff State of California Department of Toxic Substances Control's ("DTSC's") Complaint as to the Plaintiff and Defendants herein.

## JURISDICTION

3. This Court has jurisdiction pursuant to 42 U.S.C. § 9613(b).

4. Westside hereby intervenes under Federal Rule of Civil Procedure 24(a)(2) and/or 24(b) and 42 U.S.C. § 9613(i), on the grounds that its interests may be impaired or impeded as a result of this action.

## GENERAL ALLEGATIONS

5. This action was filed by DTSC for the purpose of obtaining the Court's jurisdiction so that the parties other than Westside may seek the Court's approval of settlement agreements related to contamination at 1550 North Bonnie Beach Place, Los Angeles, California, identified by Los Angeles County Assessor's Parcel Number 5224-026-005 (the "Site").

6. The subject settlement agreements, which take the form of proposed consent decrees before this Court will, and the parties other than Westside intend they will, extinguish claims for contribution against the settling Defendants by third parties, including Westside, who may expend funds in response to the toxic contamination at the Site, or may be found liable for the toxic contamination at the Site.

7. Westside has been named as a Potentially Responsible Party ("PRP") for the contamination at the Site by DTSC and has been sued as a PRP in the action styled as *DTSC v. Westside*, C.D. Cal. Case No. 2:15-cv-07786 (the "Westside Case"). In the Westside Case, DTSC seeks to have Westside found

liable for all of the cleanup costs arising out of toxic contamination at the Site.

8.    As a PRP, Westside has a right to seek contribution from the settling Defendants in this case for the cost of cleanup of the toxic contamination at the Site pursuant to the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), and under applicable common law and state law.

9.    If the parties other than Westside are successful in seeking approval of the consent decrees, such an order will extinguish Westside's rights to seek contribution from the settling Defendants, potentially damaging Westside in the amount of millions of dollars.

## FIRST CAUSE OF ACTION

## FOR DECLARATORY RELIEF

### (Against All Parties)

10.    Westside incorporates by reference paragraphs 1 through 9 of this Complaint in Intervention as though set forth in their entirety herein.

11.    Whereas, there is now an actual controversy between the parties as to whether Westside should be entitled to seek contribution from the settling Defendants in the event it Westside is found liable for any cleanup costs at the Site.

12.    Whereas, if the proposed consent decrees are approved by the Court, Westside will lose its rights to seek contribution from the settling Defendants in the event Westside is found liable for any cleanup costs at the Site.

13.    Wherefore, Westside seeks a judicial declaration that any settlement or consent decree between DTSC and Defendants that cuts off Westside's rights of contribution without providing adequate cost recovery for DTSC or Westside is not substantively fair, reasonable, or consistent with CERCLA.

///

Complaint in Intervention

## SECOND CAUSE OF ACTION

### FOR STATUTORY CONTRIBUTION

**(Against Defendants)**

14.   Westside incorporates by reference paragraphs 1 through 13 of this Complaint in Intervention as though set forth in their entirety herein.

15.   Pursuant to 42 U.S.C. § 9613(f)(1), Westside is entitled to seek contribution from Defendants for any cost of cleanup at the Site for which Westside may be found liable as a result of the toxic contamination set forth in DTSC's Complaint herein.

16.   Westside seeks judgment from Defendants in the amount of any cost of cleanup at the Site for which Westside may be found liable as a result of the toxic contamination set forth in DTSC's Complaint herein.

## THIRD CAUSE OF ACTION

### FOR EQUITABLE CONTRIBUTION

**(Against Defendants)**

17.   Westside incorporates by reference paragraphs 1 through 16 of this Complaint in Intervention as though set forth in their entirety herein.

18.   Westside has been named as a PRP by DSTC solely on the basis that Westside is the current owner of the Site.

19.   The toxic contamination at the Site occurred more than 20 years before Westside purchased the Site.

20.   Westside has not contributed to, or exacerbated, the toxic contamination at the Site.

21.   Defendants herein are the actual polluters who provided the toxic substances resulting in the toxic contamination at the Site.

22.   Fairness and the interests of justice dictate that Westside is entitled to seek contribution from Defendants for any cost of cleanup at the Site for which Westside may be found liable as a result of the toxic contamination set forth in

DTSC's Complaint herein.

23.     Westside seeks judgment from Defendants in the amount of any cost of cleanup at the Site for which Westside may be found liable as a result of the toxic contamination set forth in DTSC's Complaint herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Westside respectfully requests judgment against the parties as follows:

1.     As against DTSC and Defendants, for a judicial declaration that any settlement or consent decree between DTSC and Defendants that cuts off Westside's rights of contribution without providing adequate cost recovery for DTSC or Westside is not substantively fair, reasonable, or consistent with CERCLA;

2.     As against Defendants, for statutory contribution for any cost of cleanup at the Site for which Westside may be found liable as a result of the toxic contamination set forth in DTSC's Complaint herein;

3.     As against Defendants, for equitable contribution for any cost of cleanup at the Site for which Westside may be found liable as a result of the toxic contamination set forth in DTSC's Complaint herein;

4.     As against DTSC and Defendants, for reasonable attorneys' fees;

5.     As against DTSC and Defendants, for prejudgment interest from the date(s) of injury;

6.     As against DTSC and Defendants, for costs of suit;

///

7.   For such other and further relief as the Court deems just, equitable, and proper.

DATED: July 26, 2017                    JOSHUA R. FURMAN LAW CORP.


By:      */s/ Joshua R. Furman*
         JOSHUA R. FURMAN
         *Attorney for*
         WESTSIDE DELIVERY, LLC

Complaint in Intervention