1   XAVIER BACERRA, Attorney General of California
    SARAH E. MORRISON
2   Supervising Deputy Attorney General
    JAMES R. POTTER, State Bar No. 166992
3   BRIAN J. BILFORD, State Bar No. 262812
    Deputy Attorneys General
4     300 South Spring Street, Suite 1702
      Los Angeles, CA  90013
5     Telephone:  (213) 897-2637
      Fax:  (213) 897-2802
6     E-mail:  James.Potter@doj.ca.gov
    *Attorneys for Plaintiff  California*
7   *Department of Toxic Substances Control*

8                 IN THE UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12  **STATE OF CALIFORNIA**              CASE NO. CV-17-785-R-RAO
    **DEPARTMENT OF TOXIC**
13  **SUBSTANCES CONTROL,**
                                         CONSENT DECREE BETWEEN
14                          Plaintiff,   DTSC AND ALPHA THERAPEUTIC
                                         CORPORATION; AOC, LLC;
15            v.                         CAMBRO MANUFACTURING
                                         COMPANY; CATALINA YACHTS,
16  ALPHA THERAPEUTIC                    INC.; GRUBER SYSTEMS, INC.;
    CORPORATION; AOC, LLC;               HARRINGTON INDUSTRIAL
17  CAMBRO MANUFACTURING                 PLASTICS, LLC; HYDRO SYSTEMS,
    COMPANY; CATALINA YACHTS,            INC.; JBI LLC; PARK
18  INC.; GLASTEEL OF TENNESSEE          INTERNATIONAL CORPORATION;
    INC.; GRUBER SYSTEMS, INC.;          RESINART CORPORATION;
19  HARRINGTON INDUSTRIAL                SILVESTRI STUDIO, INC.; TE
    PLASTICS, LLC; HYDRO SYSTEMS,        CONNECTIVITY CORPORATION;
20  INC.; JBI LLC; PARK                  THREE BOND INTERNATIONAL,
    INTERNATIONAL CORPORATION;           INC., and WATKINS
21  RESINART CORPORATION;                MANUFACTURING CORPORATION
    SEMTECH CORPORATION;
22  SILVESTRI STUDIO, INC.; TE
    CONNECTIVITY CORPORATION;
23  THREE BOND INTERNATIONAL,
    INC., UNITRODE CORPORATION;
24  and WATKINS MANUFACTURING
    CORPORATION
25

26
                            Defendants.
27

28

                                         Consent Decree with Alpha
                                         Therapeutic Corp. *et al.*

## I.   INTRODUCTION

1.   Concurrently with the lodging of this Consent Decree, Plaintiff, the State of California Department of Toxic Substances Control ("DTSC") is filing the complaint ("Complaint") in this matter pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675 ("CERCLA"). In the Complaint, DTSC seeks to recover under CERCLA section 107(a), 42 U.S.C. § 9607(a), costs it incurred responding to releases and/or threatened releases of hazardous substances at or from the former Davis Chemical Company located at 1550 North Bonnie Beach Place, Los Angeles, California, identified by Los Angeles County Assessor's Parcel Number 5224-026-005 (the "Site").

2.   In the Complaint, DTSC alleges, in relevant part, the following:

   a.   The Site is located in the City of Los Angeles.

   b.   From approximately 1953 to 1990, Davis Chemical Company operated a solvent recycling facility at the Site, which recycled acetone and to a lesser extent chlorinated solvents.

   c.   Each of the Settling Defendants, which are the entities identified in Exhibit A to this Consent Decree, sent hazardous substances to be recycled at the Site by the Davis Chemical Company.

   d.   In 1997, Davis Chemical Company conducted a site investigation that identified the presence of 1,1,2-trichloroethane ("TCE"), perchloroethene ("PCE"), and 1,1,2,2-tetrachloroethane in the soil at the Site.

   e.   On December 18, 2002, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order (the "2002 Consent Order"), which included findings that hazardous substances had been released and were present in the soil at the Site in sufficient concentrations to pose a substantial danger to public health and the

environment and further that there was a potential threat of groundwater contamination from those releases. The 2002 Consent Order directed the respondents thereto to prepare a Remedial Investigation and Feasibility Study and a Remedial Action Plan (the "RAP") for the Site. All but one of the Settling Defendants was a respondent in the 2002 Consent Order.

f.  In 2009, DTSC determined that the work required by the 2002 Consent Order was complete.

g.  In 2009, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order (the "2009 RAO") requiring certain responsible parties to implement the RAP, including excavation and treatment of contaminated soils, and installation of the soil vapor extraction system. The respondents did not comply with the RAO. In November, 2009, DTSC issued a Final Determination of Noncompliance with the 2009 RAO. One of the Settling Defendants was named as a respondent in the 2009 RAO.

h.  Between 2010 and 2015, DTSC implemented the RAP prepared by the respondents to the 2002 Consent Order.

3.  DTSC took response actions necessary to remove and remedy the hazardous substances released and/or threatened to be released at and from the Site. DTSC's response actions included, but were not limited to, the following activities: additional investigations of contamination at the Site; implementation of the RAP; enforcement/cost recovery activities; public participation; and compliance with the California Environmental Quality Act. DTSC's response actions were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

4.  As of April 2016, DTSC's unreimbursed Response Costs related to the Site are approximately $2.1 million.

5.   DTSC and Settling Defendants (collectively, the "Parties") agree, and this Court, by entering this Consent Decree, finds, that this Consent Decree has been negotiated by the Parties in good faith, settlement of this matter will avoid expensive, prolonged and complicated litigation between the Parties, and this Consent Decree is fair, reasonable, in the public interest and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, AND DECREES**, as follows:

## II.   JURISDICTION

6.   The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and CERCLA, section 113(b), 42 U.S.C. § 9613(b), and personal jurisdiction over each of the Parties. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA section 113(b), 42 U.S.C. § 9613(b).  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that Settling Defendants may have to the jurisdiction of the Court or to venue in this district.  Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

7.   The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree if necessary.

## III.   SETTLEMENT OF DISPUTED CLAIMS

8.   Subject to the reservations of rights in Section VII, this Consent Decree resolves all of DTSC's claims against Settling Defendants in the above-captioned action.  DTSC agrees to resolve Settling Defendants' liability in this action in exchange for consideration from Settling Defendants, including payment by Settling Defendants to reimburse a portion of DTSC's Response Costs incurred at

Consent Decree with Alpha
Therapeutic Corp. *et al.*

or in connection with releases and/or threatened releases of hazardous substances at and/or from the Site.

9. Nothing in this Consent Decree shall be construed as an admission by Settling Defendants of any issue of law or fact or of any violation of law. Except as otherwise provided by this Consent Decree, this Consent Decree shall not prejudice, waive or impair any right, remedy or defense that Settling Defendants may have in any other or further legal proceeding.

10. Settling Defendants consent to, and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

11. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties.

## IV. DEFINITIONS

12. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA, or in regulations promulgated under CERCLA shall have the meaning assigned to them therein. Whenever terms listed below are used in this Consent Decree, the definitions below shall apply.

13. "Day" shall mean shall mean a calendar day . In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next Day.

14. ."DTSC" shall mean the State of California Department of Toxic Substances Control, and its predecessors and successors. DTSC is a public agency of the State of California organized and existing under and pursuant to California Health and Safety Code §§ 58000-18. Under California law, DTSC is the state agency responsible for determining whether there has been a release and/or

threatened release of hazardous substances into the environment, and for determining the actions to be taken in response thereto.

15. "Effective Date" shall mean the date the Court enters an Order approving this Consent Decree.

16. "Parties" shall mean DTSC and Settling Defendants.

17. "Related Persons" shall mean those individuals and entities identified in Exhibit A to this Consent Decree as either corporate affiliates of a named Settling Defendant or individuals related to a named Settling Defendant.

18. "Response Costs" shall mean all costs of "removal", "remedial action", or "response" (as those terms are defined by section 101 of CERCLA, 42 U.S.C. § 9601), related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site, including in the soils and groundwater.

19. "Settling Defendants" shall mean the entities identified as such in Exhibit A to this Consent Decree.

20. "Site" shall mean the property located at 1550 North Bonnie Beach Place, Los Angeles, California, in the County of Los Angeles, California, identified by Los Angeles County Assessor's Parcel Number 5224-026-005. For purposes of this Consent Decree, the Site includes anywhere that hazardous substances released at the Site have come to be located.

## V.   SETTLING DEFENDANTS' OBLIGATIONS

21. Settling Defendants or their designee shall pay DTSC $120,000 within thirty (30) Days of the Effective Date.

22. The payment specified in Paragraph 21 shall be made by certified or cashier's check(s) made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 300432." On request, DTSC will provide instructions for payment by electronic funds transfer.

Consent Decree with Alpha
Therapeutic Corp. *et al.*

The payment shall be sent to:

> Cashier
> Accounting Office, MS-21A
> Department of Toxic Substances Control
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

> Robert Sullivan, Attorney
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

> Or e-mailed to Robert.Sullivan@dtsc.ca.gov in .pdf or .jpg format.

23. This Consent Decree is conditioned upon full execution of the Settling Defendants obligations in Paragraphs 21 through 22. If these conditions are not met, then this Consent Decree, including the covenant not to sue in Section VI, shall be voidable at the discretion of DTSC, and DTSC may proceed to litigate the Complaint against Settling Defendants.

**VI.    COVENANT NOT TO SUE BY DTSC**

24. Except as expressly provided in Section VIII (DTSC's Reservation of Rights) of this Consent Decree, DTSC covenants not to sue Settling Defendants or Related Persons pursuant to CERCLA or the California Hazardous Substances Account Act, Cal. Health & Safety Code section sections 25300-25395.3 to: (a) recover DTSC's Response Costs related to the Site, including response costs associated with groundwater remediation relating to any hazardous substances released at the Site; or (b) require Settling Defendants or Related Persons to conduct response actions, including removal or remedial actions, related to the release and/or threatened release of hazardous substances at or from the Site, including the soil and groundwater. This Covenant Not to Sue is conditioned upon

Consent Decree with Alpha
Therapeutic Corp. *et al.*

the complete and satisfactory performance by Settling Defendants of all their obligations under this Consent Decree.

## VII. DTSC'S RESERVATION OF RIGHTS

25. <u>Claims Regarding Other Matters</u>.  DTSC reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants and Related Persons with respect to all matters not expressly included within DTSC's Covenant Not to Sue (Section VI).

26. <u>Reservation of Claims</u>.  DTSC reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to the following matters:

a.　　Failure of Settling Defendants to meet the requirements of this Consent Decree;

b.　　Damage to natural resources, as defined in CERCLA section 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

c.　　Liability resulting from Settling Defendants' introduction of any hazardous substance, pollutant, or contaminant to the Site after the Effective Date;

d.　　Liability resulting from overt acts by Settling Defendants after the Effective Date that cause the exacerbation of the hazardous substance conditions existing at or from the Site;

e.　　Liability based on the ownership or operation of the Site by Settling Defendants when such ownership or operation commences after the Effective Date;

f.　　Claims based on liability arising from the past, present, or future disposal of hazardous substances at sites or locations other than the Site; and

g.    Claims based on criminal liability.

27. <u>Government Authority</u>.  Except as expressly provided in the Consent Decree, nothing in the Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under any law, statute or regulation. Furthermore, nothing in the Consent Decree is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

28. <u>Claims Against Other Persons</u>.  DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims, and causes of action DTSC may have against any person other than Settling Defendants and Related Persons.  Nothing in this Consent Decree is intended to be nor shall it be construed as a release, covenant not to sue, or compromise of any claim or cause of action, which DTSC may have against any person or other entity that is not a Settling Defendant or a Related Person.

29. <u>Unknown Conditions/New Information</u>.  Notwithstanding any other provision in the Consent Decree, DTSC reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order seeking to compel Settling Defendants to perform response activities at the Site and/or to pay DTSC for additional Response Costs, if:

(a) conditions previously unknown to DTSC, for which Settling Defendants are liable under any statute or law, are discovered at the Site after the entry of the Consent Decree, and these conditions indicate that a hazardous substance has been or is being released at the Site or there is a threat of such release into the environment and that the response performed at the Site is not protective of human health and the environment ("Unknown Conditions"), or

Consent Decree with Alpha
Therapeutic Corp. *et al.*

(b) DTSC receives information after the entry of the Consent Decree that was not available to DTSC at the time the Consent Decree was entered, concerning matters for which Settling Defendants are liable, and that information results in a determination that the response performed at the Site is not protective of human health and the environment ("New Information").

(c) For the purpose of this Consent Decree, no contamination identified in the RAP or indicated by any of the testing, data or other information regarding the Site submitted to or possessed by DTSC as of December 19, 2016 shall be considered an Unknown Condition or New Information.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

30. Settling Defendants covenant not to sue, and agree not to assert any claims or causes of action against DTSC or any DTSC contractors or employees that arise out of the transaction or occurrence that is the subject matter of the Complaint, or for any injuries, losses, costs, or damages caused or incurred as a result of the performance of the requirements of this Consent Decree or the DTSC's response actions at the Site.

31. This Section VIII (Covenant Not to Sue by Settling Defendants) does not pertain to any matters other than those specifically addressed in this Consent Decree, applies only to DTSC and does not extend to any other department, agency, board or body of the State of California.  The Settling Defendants reserve, and this Consent Decree is without prejudice to, all rights against DTSC with respect to all other matters not expressly included within the scope of this Consent Decree.

32. In any legal proceedings that DTSC may initiate against Settling Defendants for non-compliance with this Consent Decree Settling Defendants may raise any and all defenses that Settling Defendants deem to be relevant to the issue of whether or not they have complied with the terms of this Consent Decree.

/ / /

Consent Decree with Alpha Therapeutic Corp. *et al.*

## IX.    EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION

33. With regard to claims for contribution against Settling Defendants for "Matters Addressed" in this Consent Decree, the Parties agree, and the Court finds as follows:

      a.    This Consent Decree constitutes a judicially approved settlement within the meaning of CERCLA section 113(f)(2), 42 U.S.C. § 9613(f)(2).

      b.    This Consent Decree requires that Settling Defendants pay certain costs with respect to their alleged liability at the Site.

      c.    Settling Defendants and Related Persons are entitled to the contribution protection provided by CERCLA section 113(f)(2), 42 U.S.C. § 9613(f)(2), and by state statutory and common law for the "Matters Addressed" in this Consent Decree, except for actions and claims identified in Section VIII (DTSC's Reservation of Rights).

34. "Matters Addressed". The "Matters Addressed" in this Consent Decree are all response actions taken or to be taken and all Response Costs incurred or to be incurred, at or in connection with the Site by DTSC.

35. The protection provided for in this Section X is conditioned upon compliance by Settling Defendants with their obligations under Paragraphs 21 through 22 of this Consent Decree.

36. Nothing in this Consent Decree limits or impairs the right of DTSC to pursue any person other than a Settling Defendant or a Related Person for unrecovered Response Costs incurred by DTSC.

37. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree if necessary.

/ / /

/ / /

X.    **NOTIFICATION**

38. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For DTSC:

> Safouh Sayed, Project Manager
> Cypress Cleanup Program
> California Department of Toxic Substances Control
> Corporate Avenue
> Cypress, CA  91311-6505

> Robert Sullivan
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> P.O. Box 806
> Sacramento, CA 95812-0806

For Settling Defendants:

> Nicholas W. van Aelstyn
> Beveridge & Diamond, P.C.
> 456 Montgomery St Suite 1800,
> San Francisco, CA 94104
> NvanAelstyn@bdlaw.com

XI.    **GENERAL PROVISIONS**

39. <u>Parties Bound</u>.  This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

40. <u>No Rights in Other Parties</u>.  Except as provided in Paragraph 39 regarding parties bound, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree or a Related Person.

41. <u>No Waiver of Enforcement</u>.  The failure of DTSC to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree.  The failure of DTSC to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

42. <u>Attorneys' Fees</u>.  Except as expressly provided in this Consent Decree, the Parties will not seek to recover attorneys' fees and/or litigation costs against each other.

43. <u>Final Agreement</u>.  This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree.

44. <u>Modifications</u>.  This Consent Decree may be modified only upon written approval of the Parties and with the consent of the Court.

45. <u>Signatories</u>.  Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into the terms and conditions of  this Consent Decree, to execute it on behalf of the Party represented, and to legally bind that Party to all the terms and conditions of this Consent Decree.

46. <u>Counterparts</u>.  This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

47. <u>Agent</u>.  Settling Defendants have appointed and authorized the agents identified in Paragraph 38 to this Consent Decree to receive notices with respect to all matters arising under or relating to this Consent Decree.

## XII.   ENTRY OF THE CONSENT DECREE

48. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) calendar days.  The Consent Decree also is subject to a public comment period of not less than thirty (30) calendar days.  DTSC may modify or withdraw its consent to this Consent Decree if comments received during the public comment period disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

Consent Decree with Alpha
Therapeutic Corp. *et al.*

49. If, for any reason, the Court declines to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

50. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between DTSC and Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: _____August 10___, 2017

_____

United States District Judge

Party Signatures on pages to follow

Consent Decree with Alpha Therapeutic Corp. *et al.*

APPROVED AS TO FORM AND CONTENT:

Dated:  January 26, 2017                    _/s/ James Potter_____
                                            James Potter
                                            Deputy Attorney General
                                            Attorney for DTSC


Dated:                                      _____
                                            Nicholas W. van Aelstyn
                                            Attorney for Settling Defendants

Consent Decree with Alpha
Therapeutic Corp. *et al.*

APPROVED AS TO FORM AND CONTENT:

Dated: _____

James Potter
Deputy Attorney General
Attorney for DTSC

Dated: 1/26/2017

Nicholas W. van Aelstyn
Attorney for Settling Defendants

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND
TOXIC SUBSTANCES CONTROL

DATE: January 27, 2017 By: _____
SIGNATURE

John E. Scandura
NAME (printed or typed)

Branch Chief
TITLE (printed or typed)

[Proposed] Consent Decree
with Alpha Therapeutic Corp.
*et al.*

ALPHA THERAPEUTIC CORPORATION

DATE: 1/30/17                      By: _____
                                       SIGNATURE

                                       _Nicholas J. Oliva_____
                                       NAME (printed or typed)

                                       _Secretary_____
                                       TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Company: _____

Address: _____

_____

Phone: _____

email: _____

[Proposed] Consent Decree
with Alpha Therapeutic Corp.
*et al.*

1   AOC, LLC

2

3
    DATE: 1/26/17                          By: _Matthew M. Watkins_
4                                              SIGNATURE

5
                                               _Matthew M. Watkins_
6                                              NAME (printed or typed)

7

8                                              _Executive Vice President_
9                                              TITLE (printed or typed)

10

11

12

13  Agent Authorized to Accept Service on Behalf of Above-signed Party:

14  Name:      _Nicholas W. van Aelstyn_

15  Title:     _Attorney For AOC, LLC_

16
    Company:   _Beveridge & Diamond, P.C._
17
    Address:   _456 Montgomery St., Suite 1800_
18
               _San Francisco, CA 94104_
19
    Phone:     _(415) 262-4008_
20

21  email:     _NvanAelstyn@bdlaw.com_

22

23

24

25

26

27

28

                               18                [Proposed] Consent Decree
                                                 with Alpha Therapeutic Corp.
                                                 et al.

CAMBRO MANUFACTURING COMPANY

DATE: _____1/26/17_____     By: _____
                                SIGNATURE

                                _David A. Capestro_____
                                NAME (printed or typed)

                                _____CFO_____
                                TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____David Capestro_____

Title: _____CFO_____

Company: _Cambro Manufacturing Company_

Address: _5801 Skylab Road_____

_Huntington Beach CA 92647_____

Phone: _(714) 230-4364_____

email: _Dcapestro @ Cambro.com_____

CATALINA YACHTS, INC.


DATE: _1-31-2017_     By: _Gerard Douglas_
SIGNATURE

_GERARD DOUGLAS_
NAME (printed or typed)

_V. P. CATALINA YACHTS_
TITLE (printed or typed)


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Company: _____

Address: _____

_____

Phone: _____

email: _____

[Proposed] Consent Decree
with Alpha Therapeutic Corp.
*et al.*

GRUBER SYSTEMS, INC.


DATE: 1/26/2017          By: _Glen Hook_____
                             SIGNATURE

                             _John D Hoskinson_____
                             NAME (printed or typed)

                             _CHAIRMAN, CEO_____
                             TITLE (printed or typed)
                             GRUBER SYSTEMS INC.



Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:          _____

Title:         _____

Company:       _____

Address:       _____

               _____

Phone:         _____

email:         _____

HARRINGTON INDUSTRIAL PLASTICS LLC

DATE: 1/26/17 _____  By: _____
                            SIGNATURE

                        John R Rooney
                        _____
                        NAME (printed or typed)

                        VP CFO
                        _____
                        TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: John R Rooney

Title: VP CFO

Company: Harrington Industrial Plastics LLC

Address: 14480 Yorba Ave
         Chino, CA 91710

Phone: (909) 597-8641

email: jrooney@hipco.com

HYDRO SYSTEMS, INC.

DATE: 1-30-17          By: _____
                          SIGNATURE

                          Kevin Steinhardt
                          NAME (printed or typed)

                          Vice President
                          TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:       Scott Steinhardt

Title:      President

Company:    Hydro Systems Inc

Address:    29132 Avenue Paine,
            Valencia CA 91355

Phone:      661 775-0686

email:      Scott@hydroSystem.com

1    JBI LLC

2

3    DATE: 1-25-2017         By: _____
4                                SIGNATURE

5                                Michael Buchander
6                                NAME (printed or typed)

7

8                                Co-Ceo, JBI LLC
9                                TITLE (printed or typed)

10

11

12

13   Agent Authorized to Accept Service on Behalf of Above-signed Party:

14   Name:      _____

15   Title:     _____

16
     Company:   _____
17

18   Address:   _____

19              _____

20   Phone:     _____

21   email:     _____
22

23

24

25

26

27

28

                      24          [Proposed] Consent Decree
                                  with Alpha Therapeutic Corp.
                                  et al.

PARK INTERNATIONAL CORPORATION

DATE: __January 27, 2016__   By _[signature]_
SIGNATURE

ALEX WOODARD

NAME (printed or typed)

_Vice President_
TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      NORMAN RASMUSSEN

Title:      ATTORNEY

Company:   LAW OFFICES OF NORMAN RASMUSSEN

Address:   11 GOLDEN SHORE, SUITE 430

           LONG BEACH, CA  90802

Phone:     (562) 436-9631

email:     norm_rasmussen@hotmail.com

25

RESINART CORPORATION

DATE: 1-26-17                    By: _____
                                    SIGNATURE

                                    GARY UECKER
                                    NAME (printed or typed)

                                    NONE
                                    TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Company: _____

Address: _____

       _____

Phone: _____

email: _____

[Proposed] Consent Decree
with Alpha Therapeutic Corp.
*et al.*

SILVESTRI STUDIO, INC.

DATE: _January 26, 2017_     By: _E. Alain Levi_
                                 SIGNATURE

                             _E. ALAIN LEVI_
                             NAME (printed or typed)

                             _CEO_
                             TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _TOM REISTETTER_

Title: _PRESIDENT_

Company: _SILVESTRI STUDIO, INC_

Address: _8125 BEACH ST._

_LOS ANGELES, CAL. 90001_

Phone: _323 277-4420 or 323-893-6681_

email: _TREISTETTER @ ME.COM_

TE CONNECTIVITY CORPORATION

DATE: 1/26/17                    By: _____
                                      SIGNATURE

                                      _Carl Schultz_____
                                      NAME (printed or typed)

                                      _Sr. Council, Sr. Director_
                                      TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:     _Carl Schultz_____

Title:    _Sr Council, Sr Director_

Company:  _TE Connectivity_____

Address:  _2800 Fulling Mill Rd_____
          _Middletown, PA  17057____

Phone:    _717-986-7937_____

email:    _Carl.schultz@te.com_____

[Proposed] Consent Decree
with Alpha Therapeutic Corp.
*et al.*

THREE BOND INTERNATIONAL, INC.

DATE: 01/29/2017      By: _Jeffrey P. Speed_____
                                 SIGNATURE

                                 JEFFREY P. SPEED
                                 NAME (printed or typed)

                                 PRESIDENT
                                 TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:     JEFFREY P. SPEED

Title:     PRESIDENT

Company:     THREE BOND INTERNATIONAL, INC.

Address:     6184 SCHUMACHER PARK DRIVE

                WEST CHESTER, OH 45069

Phone:     513-759-8772

email:     JSPEED @ THREEBOND.COM

[Proposed] Consent Decree
with Alpha Therapeutic Corp.
*et al.*

WATKINS MANUFACTURING CORPORATION


DATE: _1/26/17_          By: _A Scott Halpert_
                             SIGNATURE

                             _Scott Halpert_
                             NAME (printed or typed)

                             _Senior Corporate Counsel_
                             TITLE (printed or typed)


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _Scott Halpert_

Title: _Senior Corporate Counsel_

Company: _Masco Corporation_

Address: _21001 Van Born Rd_
         _Taylor, MI 48180_

Phone: _(313) 792-6641_

email: _scott_halpert@mascohq.com_

## **Exhibit A**

Settling Defendants and Related Persons

1. Settling Defendant Alpha Therapeutic Corporation, including all of its directors, officers, predecessors, successors and assigns

2. Settling Defendant AOC, LLC, including all of its predecessors, directors, officers, successors and assigns

3. Settling Defendant Cambro Manufacturing Company, including all of its directors, officers, predecessors, successors and assigns

4. Settling Defendant Catalina Yachts, Inc., including all of its directors, officers, predecessors, successors and assigns

5. Settling Defendant Gruber Systems, Inc., including all of its directors, officers, predecessors, successors and assigns

6. Settling Defendant Harrington Industrial Plastics LLC, a Delaware LLC (f/k/a Harrington Industrial Plastics Inc., a California Corporation), including all of its directors, officers, predecessors, successors and assigns

7. Settling Defendant Hydro Systems, Inc., including all of its directors, officers, predecessors, successors and assigns

8. Settling Defendant JBI LLC (a/k/a JBI; JBI Inc.; JBI Industries; JB Industries; Jay Buchbinder Industries; J Buchbinder Industries, and; Buchbinder LLC (d/b/a JBI LLC in CA), including all of its directors, officers, predecessors, successors and assigns

9. Settling Defendant Park International Corporation, including all of its directors, officers, predecessors, successors and assigns

10. Settling Defendant Resinart Corporation, including former principals Gary Uecker, Gene Chandler, Bryan Uecker and Allison Uecker, and current

owners Mark Foster and Bob Nash, and all of its and their directors, officers, predecessors, successors, heirs, and assigns

11. Settling Defendant Silvestri Studio, Inc. (d/b/a Silvestri California), including all of its directors, officers, predecessors, successors and assigns

12. Settling Defendant TE Connectivity Corporation (successor to Kilovac Corporation), including all of its directors, officers, predecessors, successors and assigns

13. Settling Defendant Three Bond International, Inc., including all of its directors, officers, predecessors, successors and assigns

14. Settling Defendant Watkins Manufacturing Corporation, including all of its directors, officers, predecessors, successors and assigns