1  XAVIER BACERRA, Attorney General of California
   SARAH E. MORRISON
2  Supervising Deputy Attorney General
   JAMES R. POTTER, State Bar No. 166992
3  BRIAN J. BILFORD, State Bar No. 262812
   Deputy Attorneys General
4    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
5    Telephone:  (213) 897-2637
     Fax:  (213) 897-2802
6    E-mail:  James.Potter@doj.ca.gov
   *Attorneys for Plaintiff  California*
7  *Department of Toxic Substances Control*

8

           IN THE UNITED STATES DISTRICT COURT
9
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

|  |  |
|---|---|
| 12  STATE OF CALIFORNIA<br>DEPARTMENT OF TOXIC<br>13  SUBSTANCES CONTROL, | CASE NO. CV-17-785-R-RAO |
| 14                              Plaintiff, | CONSENT DECREE BETWEEN<br>DTSC AND GLASTEEL OF |
| 15  v. | TENNESSEE INC.; SEMTECH<br>CORPORATION; and UNITRODE<br>CORPORATION |
| 16  ALPHA THERAPEUTIC<br>CORPORATION; AOC, LLC;<br>17  CAMBRO MANUFACTURING<br>COMPANY; CATALINA YACHTS,<br>18  INC.; GLASTEEL OF TENNESSEE<br>INC.; GRUBER SYSTEMS, INC.;<br>19  HARRINGTON INDUSTRIAL<br>PLASTICS, LLC; HYDRO SYSTEMS,<br>20  INC.; JBI LLC; PARK<br>INTERNATIONAL CORPORATION;<br>21  RESINART CORPORATION;<br>SEMTECH CORPORATION;<br>22  SILVESTRI STUDIO, INC.; TE<br>CONNECTIVITY CORPORATION;<br>23  THREE BOND INTERNATIONAL,<br>INC., UNITRODE CORPORATION;<br>24  and WATKINS MANUFACTURING<br>CORPORATION | |
| 25 | |
| 26                              Defendants. | |
| 27 | |

28

Consent Decree with
Glasteel of Tennessee *et al.*

## I.   INTRODUCTION

1.   Concurrently with the lodging of this Consent Decree, Plaintiff, the State of California Department of Toxic Substances Control ("DTSC"), is filing the complaint ("Complaint") in this matter pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675 ("CERCLA").  In the Complaint, DTSC seeks to recover under CERCLA section 107(a), 42 U.S.C. § 9607(a), costs it incurred responding to releases and/or threatened releases of hazardous substances at or from the former Davis Chemical Company located at 1550 North Bonnie Beach Place, Los Angeles, California, identified by Los Angeles County Assessor's Parcel Number 5224-026-005 (the "Site").

2.   In the Complaint, DTSC alleges, in relevant part, the following:

   a.   The Site is located in the City of Los Angeles.

   b.   From approximately 1953 to 1990, Davis Chemical Company operated a solvent recycling facility at the Site, which recycled acetone and to a lesser extent chlorinated solvents.

   c.   Each of the Settling Defendants, which are the entities identified in Exhibit A to this Consent Decree, sent hazardous substances to be recycled at the Site by the Davis Chemical Company.

   d.   In 1997, Davis Chemical Company conducted a site investigation that identified the presence of 1,1,2-trichloroethane ("TCE"), perchloroethene ("PCE"), and 1,1,2,2-tetrachloroethane in the soil at the Site.

   e.   On December 18, 2002, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order (the "2002 Consent Order"), which included findings that hazardous substances had been released and were present in the soil at the Site in sufficient concentrations to pose a substantial danger to public health and the

Consent Decree with
Glasteel of Tennessee *et al.*

environment and further that there was a potential threat of groundwater contamination from those releases. The 2002 Consent Order directed the respondents thereto to prepare a Remedial Investigation and Feasibility Study and a Remedial Action Plan (the "RAP") for the Site. Settling Defendant Semtech was a respondent in the 2002 Consent Order.

       f.     In 2009, DTSC determined that the work required by the 2002 Consent Order was complete.

       g.     In 2009, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order (the "2009 RAO") requiring certain responsible parties to implement the RAP, including excavation and treatment of contaminated soils, and installation of the soil vapor extraction system. The respondents did not comply with the 2009 RAO. In November, 2009, DTSC issued a Final Determination of Noncompliance with the RAO.

       h.     Between 2010 and 2015, DTSC implemented the RAP prepared by the respondents to the 2002 Consent Order.

    3.  DTSC took response actions necessary to remove and remedy the hazardous substances released and/or threatened to be released at and from the Site. DTSC's response actions included, but were not limited to, the following activities: additional investigations of contamination at the Site; implementation of the RAP; enforcement/cost recovery activities; public participation; and compliance with the California Environmental Quality Act. DTSC's response actions were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

    4.  As of April 2016, DTSC's unreimbursed Response Costs related to the Site are approximately $2.1 million.

    5.  DTSC and Settling Defendants (collectively, the "Parties") agree, and this Court, by entering this Consent Decree, finds, that this Consent Decree has

been negotiated by the Parties in good faith, settlement of this matter will avoid expensive, prolonged and complicated litigation between the Parties, and this Consent Decree is fair, reasonable, in the public interest and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, AND DECREES**, as follows:

## II. JURISDICTION

6. The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and CERCLA, section 113(b), 42 U.S.C. § 9613(b), and personal jurisdiction over each of the Parties. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA section 113(b), 42 U.S.C. § 9613(b). Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendants waive all objections and defenses that Settling Defendants may have to the jurisdiction of the Court or to venue in this district. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

7. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree if necessary.

## III. SETTLEMENT OF DISPUTED CLAIMS

8. Subject to the reservations of rights in Section VII, this Consent Decree resolves all of DTSC's claims against Settling Defendants in the above-captioned action. DTSC agrees to resolve Settling Defendants' liability in this action in exchange for consideration from Settling Defendants, including payment by Settling Defendants to reimburse a portion of DTSC's Response Costs incurred at or in connection with releases and/or threatened releases of hazardous substances at and/or from the Site.

9.  Nothing in this Consent Decree shall be construed as an admission by Settling Defendants of any issue of law or fact or of any violation of law.  Except as otherwise provided by this Consent Decree, this Consent Decree shall not prejudice, waive or impair any right, remedy or defense that Settling Defendants may have in any other or further legal proceeding.

10. Settling Defendants consent to, and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

11. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties.

IV.  **DEFINITIONS**

12. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them therein.  Whenever terms listed below are used in this Consent Decree, the definitions below shall apply.

13. "Day" shall mean shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next Day.

14. "DTSC" shall mean the State of California Department of Toxic Substances Control and its predecessors and successors.  DTSC is a public agency of the State of California organized and existing under and pursuant to California Health and Safety Code §§ 58000-18.  Under California law, DTSC is the state agency responsible for determining whether there has been a release and/or threatened release of hazardous substances into the environment, and for determining the actions to be taken in response thereto.

15. "Effective Date" shall mean the date the Court enters an Order approving this Consent Decree.

16. "Parties" shall mean DTSC and Settling Defendants.

17. "Related Persons" shall mean those individuals and entities identified in Exhibit A to this Consent Decree as either corporate affiliates of a named Settling Defendant or individuals related to a named Settling Defendant.

18. "Response Costs" shall mean all costs of "removal", "remedial action", or "response" (as those terms are defined by section 101 of CERCLA, 42 U.S.C. § 9601), related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site, including in the soils and groundwater.

19. "Settling Defendants" shall mean the entities identified as such in Exhibit A to this Consent Decree.

20. "Site" shall mean the property located at 1550 North Bonnie Beach Place, Los Angeles, California, in the County of Los Angeles, California, identified by Los Angeles County Assessor's Parcel Number 5224-026-005. For purposes of this Consent Decree, the Site includes anywhere that hazardous substances released at the Site have come to be located.

## V.  SETTLING DEFENDANTS' OBLIGATIONS

21. Settling Defendants or their designee shall pay DTSC $250,000 within thirty (30) Days of the Effective Date.

22. The payment specified in Paragraph 21 shall be made by certified or cashier's check(s) made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 300432." On request, DTSC will provide instructions for payment by electronic funds transfer.

The payment shall be sent to:

/ / /

Cashier
Accounting Office, MS-21A
Department of Toxic Substances Control
1001 I Street
P.O. Box 806
Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

Robert Sullivan, Attorney
California Department of Toxic Substances Control
Office of Legal Counsel, MS-23A
1001 I Street
P.O. Box 806
Sacramento, CA 95812-0806

Or e-mailed to Robert.Sullivan@dtsc.ca.gov in .pdf or .jpg format.

23. This Consent Decree is conditioned upon full execution of the Settling Defendants obligations in Paragraphs 21 through 22. If these conditions are not met, then this Consent Decree, including the covenant not to sue in Section VI, shall be voidable at the discretion of DTSC, and DTSC may proceed to litigate the Complaint against Settling Defendants.

VI.    COVENANT NOT TO SUE BY DTSC

24. Except as expressly provided in Section VII (DTSC's Reservation of Rights) of this Consent Decree, DTSC covenants not to sue Settling Defendants or Related Persons pursuant to CERCLA, the California Hazardous Substances Account Act, Cal. Health & Safety Code sections 25300-25395.3 to: (a) recover DTSC's Response Costs related to the Site, including Response Costs associated with groundwater remediation relating to any hazardous substances released at the Site; or (b) require Settling Defendants or Related Persons to conduct response actions, including removal or remedial actions, related to the release and/or threatened release of hazardous substances at or from the Site, including the soil and groundwater. This Covenant Not to Sue is conditioned upon the complete and satisfactory performance by Settling Defendants of all their obligations under this Consent Decree.

7

## VII.    DTSC'S RESERVATION OF RIGHTS

25. <u>Claims Regarding Other Matters</u>.  DTSC reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants and Related Persons with respect to all matters not expressly included within DTSC's Covenant Not to Sue (Section VI).

26. <u>Reservation of Claims</u>.  DTSC reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to the following matters:

      a.     Failure of Settling Defendants to meet the requirements of this Consent Decree;

      b.     Damage to natural resources, as defined in CERCLA section 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

      c.     Liability resulting from Settling Defendants' introduction of any hazardous substance, pollutant, or contaminant to the Site after the Effective Date;

      d.     Liability resulting from overt acts by Settling Defendants after the Effective Date that cause the exacerbation of the hazardous substance conditions existing at or from the Site;

      e.     Liability based on the ownership or operation of the Site by Settling Defendants when such ownership or operation commences after the Effective Date;

      f.     Claims based on liability arising from the past, present, or future disposal of hazardous substances at sites or locations other than the Site; and

      g.     Claims based on criminal liability.

27. <u>Government Authority</u>. Except as expressly provided in the Consent Decree, nothing in the Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under any law, statute or regulation. Furthermore, nothing in the Consent Decree is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

28. <u>Claims Against Other Persons</u>. DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims, and causes of action DTSC may have against any person other than Settling Defendants and Related Persons. Nothing in this Consent Decree is intended to be nor shall it be construed as a release, covenant not to sue, or compromise of any claim or cause of action, which DTSC may have against any person or other entity that is not a Settling Defendant or a Related Person.

29. <u>Unknown Conditions/New Information</u>. Notwithstanding any other provision in the Consent Decree, DTSC reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order seeking to compel Settling Defendants to perform response activities at the Site and/or to pay DTSC for additional Response Costs, if:

(a) conditions previously unknown to DTSC, for which Settling Defendants are liable under any statute or law, are discovered at the Site after the entry of the Consent Decree, and these conditions indicate that a hazardous substance has been or is being released at the Site or there is a threat of such release into the environment and that the response performed at the Site is not protective of human health and the environment ("Unknown Conditions"), or

(b) DTSC receives information after the entry of the Consent Decree that was not available to DTSC at the time the Consent Decree was entered, concerning

9

matters for which Settling Defendants are liable, and that information results in a determination that the response performed at the Site is not protective of human health and the environment ("New Information").

(c) For the purpose of this Consent Decree, no contamination identified in the RAP or indicated by any of the testing, data or other information regarding the Site submitted to or possessed by DTSC as of December 19, 2016 shall be considered an Unknown Condition or New Information.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

30. Settling Defendants covenant not to sue, and agree not to assert any claims or causes of action against DTSC or any DTSC contractors or employees that arise out of the transaction or occurrence that is the subject matter of the Complaint, or for any injuries, losses, costs, or damages caused or incurred as a result of the performance of the requirements of this Consent Decree or the DTSC's response actions at the Site.

31. This Section VIII (Covenant Not to Sue by Settling Defendants) does not pertain to any matters other than those specifically addressed in this Consent Decree, applies only to DTSC and does not extend to any other department, agency, board or body of the State of California. The Settling Defendants reserve, and this Consent Decree is without prejudice to, all rights against DTSC with respect to all other matters not expressly included within the scope of this Consent Decree.

32. In any legal proceedings that DTSC may initiate against Settling Defendants for non-compliance with this Consent Decree, Settling Defendants may raise any and all defenses that Settling Defendants deem to be relevant to the issue of whether or not they have complied with the terms of this Consent Decree.

/ / /

/ / /

/ / /

## IX. EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION

33. With regard to claims for contribution against Settling Defendants for "Matters Addressed" in this Consent Decree, the Parties agree, and the Court finds as follows:

    a.    This Consent Decree constitutes a judicially approved settlement within the meaning of CERCLA section 113(f)(2), 42 U.S.C. § 9613(f)(2).

    b.    This Consent Decree requires that Settling Defendants pay certain costs with respect to their alleged liability at the Site.

    c.    Settling Defendants and Related Persons are entitled to the contribution protection provided by CERCLA section 113(f)(2), 42 U.S.C. § 9613(f)(2), and by state statutory and common law for the "Matters Addressed" in this Consent Decree, except for actions and claims identified in Section VII (DTSC's Reservation of Rights).

34. "Matters Addressed". The "Matters Addressed" in this Consent Decree are all response actions taken or to be taken and all Response Costs incurred or to be incurred at or in connection with the Site by DTSC.

35. The protection provided for in this Section IX is conditioned upon compliance by Settling Defendants with their obligations under Paragraphs 21 through 22 of this Consent Decree.

36. Nothing in this Consent Decree limits or impairs the right of DTSC to pursue any person other than a Settling Defendant or a Related Person for unrecovered Response Costs incurred by DTSC.

37. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree if necessary.

/ / /

/ / /

X.    **NOTIFICATION**

38. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For DTSC:

> Safouh Sayed, Project Manager
> Cypress Cleanup Program
> California Department of Toxic Substances Control
> Corporate Avenue
> Cypress, CA  91311-6505

> Robert Sullivan
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> P.O. Box 806
> Sacramento, CA 95812-0806

For Glasteel of Tennessee Inc.:

> Nicholas W. van Aelstyn
> Beveridge & Diamond, P.C.
> 456 Montgomery St Suite 1800,
> San Francisco, CA 94104
> NvanAelstyn@bdlaw.com

For Semtech Corporation:

> Rick R. Rothman
> Morgan, Lewis & Bockius LLP,
> 300 South Grand Avenue, Suite 2200
> Los Angeles, CA 90071-3132
> rick.rothman@morganlewis.com

For Unitrode Corporation:

> Jonathan Weisberg
> Senior Counsel
> 13588 N. Central Expressway, MS 3999
> Dallas, Texas 75243
> JWeisberg@TI.com

XI.    **GENERAL PROVISIONS**

39. <u>Parties Bound.</u>  This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

40. <u>No Rights in Other Parties</u>.  Except as provided in Paragraph 39 regarding parties bound, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree or a Related Person.

41. <u>No Waiver of Enforcement</u>.  The failure of DTSC to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree.  The failure of DTSC to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

42. <u>Attorneys' Fees</u>.  Except as expressly provided in this Consent Decree, the Parties will not seek to recover attorneys' fees and/or litigation costs against each other.

43. <u>Final Agreement</u>.  This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree.

44. <u>Modifications</u>.  This Consent Decree may be modified only upon written approval of the Parties and with the consent of the Court.

45. <u>Signatories</u>.  Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into the terms and conditions of this Consent Decree, to execute it on behalf of the Party represented, and to legally bind that Party to all the terms and conditions of this Consent Decree.

46. <u>Counterparts</u>.  This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

47. <u>Agent</u>.  Settling Defendants have appointed and authorized the agents identified in Paragraph 38 to this Consent Decree to receive notices with respect to all matters arising under or relating to this Consent Decree.

## XII. ENTRY OF THE CONSENT DECREE

48. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) calendar days. The Consent Decree also is subject to a public comment period of not less than thirty (30) calendar days. DTSC may modify or withdraw its consent to this Consent Decree if comments received during the public comment period disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

49. If, for any reason, the Court declines to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

50. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between DTSC and Settling Defendants.

The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: _____ August 10 , 2017

_____
United States District Judge

Party Signatures on pages to follow

APPROVED AS TO FORM AND CONTENT:

Dated: January 27, 2017
        /s/ James Potter
        James Potter
        Deputy Attorney General
        Attorney for DTSC

Dated:
        Nicholas W. van Aelstyn
        Attorney for Settling Defendant Glasteel
        of Tennessee Inc.

Dated: January 30, 2017
        Rick R. Rothman
        Attorney for Settling Defendant
        Semtech Corporation

Dated:
        Jonathan Weisberg
        Attorney for Settling Defendant
        Unitrode Corporation

[Proposed] Consent Decree
with Glasteel of Tennessee *et al.*

APPROVED AS TO FORM AND CONTENT:

Dated: _____

_____
James Potter
Deputy Attorney General
Attorney for DTSC

Dated: _____

_____
Nicholas W. van Aelstyn
Attorney for Settling Defendant Glasteel
of Tennessee Inc.

Dated: _____

_____
Rick R. Rothman
Attorney for Settling Defendant
Semtech Corporation

Dated: _____

_____
Jonathan Weisberg
Attorney for Settling Defendant
Unitrode Corporation

[Proposed] Consent Decree
with Glasteel of Tennessee *et
al.*

APPROVED AS TO FORM AND CONTENT:

Dated: _____

_____
James Potter
Deputy Attorney General
Attorney for DTSC

Dated: 1/26/2017

_____
Nicholas W. van Aelstyn
Attorney for Settling Defendant Glasteel
of Tennessee Inc.

Dated: _____

_____
Rick R. Rothman
Attorney for Settling Defendant
Semtech Corporation

Dated: _____

_____
Jonathan Weisberg
Attorney for Settling Defendant
Unitrode Corporation

[Proposed] Consent Decree
with Glasteel of Tennessee *et al.*

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND
TOXIC SUBSTANCES CONTROL


DATE: January 27, 2017          By: _____
                                    SIGNATURE

                                _____
                                John E. Scandura
                                NAME (printed or typed)

                                _____
                                Branch Chief
                                TITLE (printed or typed)

16

GLASTEEL OF TENNESSEE INC.


DATE: _1/26/17_          By: _Matthew M. Watkins_
                             SIGNATURE

                             _Matthew M. Watkins_
                             NAME (printed or typed)

                             _Executive Vice President_
                             TITLE (printed or typed)


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      _Nicholas W. van Aelstyn_

Title:     _Attorney for Glasteel of TN_

Company:   _Beveridge & Diamond, P.C._

Address:   _456 Montgomery St, Suite 1800_

           _San Francisco, CA 94104_

Phone:     _(415) 262-4008_

email:     _NVanAelstyn@bdlaw.com_

SEMTECH CORPORATION


DATE: _January 30, 2017_     By: _Charles Ammann_
SIGNATURE

Charles B. Ammann
NAME (printed or typed)

EVP, General Counsel and Secretary
TITLE (printed or typed)


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:     Rick R. Rothman

Title:     Partner

Company:     Morgan Lewis & Bockius LLP

Address:     300 S. Grand Avenue, 22nd Floor

            Los Angeles, CA 90071

Phone:     (213) 612-2500

email:     rick.rothman@morganlewis.com

[Proposed] Consent Decree
with Glasteel of Tennessee *et al.*

1  UNITRODE CORPORATION

2

3  DATE: 1/27/17                    By: _Reginald Joseph_
4                                       SIGNATURE

5
                                       _Reginald Joseph_
6                                       Reginald Joseph

7
                                       _President_
8
9                                      President

10

11

12

13

14  Agent Authorized to Accept Service on Behalf of Above-signed Party:

15
    Name:          Cynthia Hoff Trochu
16  Title:         General Counsel
17  Company:       Texas Instruments Incorporated
    Address:       12500 TI Boulevard
18                 Dallas, Texas 75243

19
    With Copy to:  Jonathan Weisberg
20                 Senior Counsel
21                 13588 N. Central Expressway, MS 3999
                   Dallas, Texas 75243
22                 214-479-1269
23                 jweisberg@ti.com

24

25

26

27

28

19

# **EXHIBIT A**

Settling Defendants and Related Persons

1.  Settling Defendant Glasteel of Tennessee Inc., including all of its directors, officers, predecessors, successors and assigns

2.  Settling Defendant Semtech Corporation, including all of its directors, officers, predecessors, successors and assigns, and its corporate affiliates American Semiconductor Corporation and American Semiconductor, Inc.

3.  Settling Defendant Unitrode Corporation, including all of its directors, officers, predecessors, successors and assigns, and its corporate affiliate Texas Instruments Incorporated