JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,

    Plaintiff,

  v.

ALPHA THERAPEUTIC CORPORATION; et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 17-785-R

ORDER GRANTING MOTION TO LIFT STAY AND MOTION TO DISMISS INTERVENOR COMPLAINT

Before this Court is Defendants' Motion to Lift Stay of Proceedings Pending Appeal and Motion to Dismiss Intervenor Westside Delivery's Complaint in Intervention Pursuant to FRCP 12(b)(6), filed on March 1, 2018. (Dkt. 40). Plaintiff filed a joinder in these motions. (Dkt. 41). Having been fully briefed by all parties, this Court took the matter under submission on March 29, 2018.

This Court previously approved a stipulation by the parties staying this case pending Intervenor Westside Delivery's ("Westside") appeal in a related case (the "Westside Case"). Under the terms, this Court may lift the stay at any time. (Dkt. 37). While the Ninth Circuit has since issued a decision, Westside filed petitions for rehearing. Westside has indicated that in the event it is unsuccessful, it may petition the Supreme Court for writ of certiorari. (Opposition at 4).

There is no good cause to further stay these proceedings.  After this Court stayed the case, this Court then approved consent decrees that, as explained below, entirely dispose of this matter.  At that point, this case should have been closed.  Staying the proceedings at this stage only delays the inevitable.  Accordingly, this Court exercises its power to lift the stay.

In the Intervenor Complaint, Westside seeks (1) a judicial declaration that approval of consent decrees that cut off Westside's rights of contribution is unfair, unreasonable, and inconsistent with CERCLA, (2) statutory contribution, and (3) equitable contribution.

In light of this Court's subsequent approval of the consent decrees, the Intervenor Complaint must be dismissed.  First, Westside admits on the face of the Intervenor Complaint that approval of the consent decrees "will extinguish Westside's rights to seek contribution from the settling Defendants."  (Intervenor Complaint ¶ 9).  Second, the terms of the consent decrees—proper subjects of judicial notice—clearly foreclose Westside's purported rights to contribution.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may take judicial notice of court orders).

Under the CERCLA contribution protection, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement."  42 U.S.C. § 9613(f)(2).  Here, the consent decrees were approved pursuant to 42 U.S.C. § 9613(f)(2), and the terms expressly state that Defendants "are entitled to the [CERCLA] contribution protection."  (Dkts. 38, 39).  Therefore, Defendants are protected from Westside's contribution claims, which were extinguished upon approval of the consent decrees.

Westside's claim for declaratory relief—predicated on its right to contribution[1]—similarly fails.  Westside alleges that any consent decree between Plaintiff and Defendants that cuts off Westside's rights of contribution is unfair, unreasonable, and inconsistent with CERCLA.  This Court expressly rejected these contentions in its order granting entry of the consent decrees.  (Dkt.

---

[1] Westside appears to argue that its claim for declaratory relief survives even assuming it has no right to contribution. (Opposition at 6, 7).  Not so.  Westside's claim for declaratory relief is based on the idea that any consent decree "that cuts off Westside's rights of contribution" is unfair and unreasonable.  (Intervenor Complaint ¶ 13).  Clearly, Westside's declaratory relief claim is predicated on its right to contribution, which was extinguished by approval of the consent decrees.

36).  Once this Court approved the consent decrees and Westside's contribution rights were extinguished, Westside's claim for declaratory relief was rendered moot.

Westside also argues in the Joint Status Report, (Dkt. 48), that the Ninth Circuit's decision in the Westside Case, if it stands, establishes a contravening change in law that will allow Westside to participate in the consent decrees or other settlement between the parties.  Westside provides absolutely no support for this argument.  It is unfair to the other parties in this case to further delay resolution based on an unsubstantiated assertion.

Accordingly, the stay is lifted and the Intervenor Complaint is dismissed.

**IT IS HEREBY ORDERED** that Defendants' Motion to Lift Stay of Proceedings Pending Appeal and Motion to Dismiss Intervenor Westside Delivery's Complaint in Intervention is GRANTED.  (Dkt. 40).

Dated: May 29, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

3